NO. 14-4010

In The

# United States Court of Appeals

For The Fourth Circuit

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANRIQUE ZACHERY

Defendant - Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF SOUTH CAROLINA                AT  FLORENCE

BRIEF OF APPELLANT

Tristan M. Shaffer
Axelrod & Associates
4701 Oleander Drive
Myrtle Beach, SC  29577
(843) 916-9300

Counsel for  Appellant

# Table of Contents

Table of Authorities …………………………………………………………………………..ii

Jurisdictional Statement ……………………………………..………………………..1

Statement of Issue …………………………………………….…………………….1

Statement of the Case ………………………………………………………………...1

Statement of Facts ……………………………..………………………………...2

Summary of Argument …………………………..…………………………………3

Standard of Review ……………………………..…………………………………3

Argument …………………………………….…………………………………....3

      I.     The District Court violated the Appellant's Eighth Amendment right to be protected from cruel and unusual punishment by sentencing him to a combined aggregate twenty-five year sentence for Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams of Cocaine, and Using and Carrying a Firearm During and In Relation to and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Conclusion…………………………………………………….…………………………5

Certificate of Compliance

Certificate of Filing and Service

# Table of Authorities

**Cases**

*Anders v. California*,

    386 U.S. 738, 87 S.Ct. 1396 (1967) ….……..…………………………3, 6

*Gall v. United States*,

    552 U.S. 38, 128 S.Ct. 586 (2007) …………...……………………………4

*Graham v. Florida*,

    560 U.S. 48, 130 S.Ct. 2011 (2010) …………………………………………4

*Solem v. Helm*,

    463 U.S. 277, 103 S.Ct. 3001 (1983)…………………………………………5

*United States v. Diosdado-Star*,

    630 F.3d 359, 366 (4th Cir. 2011) …………………………….…………..3

*United States v. Harvey*,

    532 F.3d 326 (4th Cir. 2008) …………………………………………...4

*Weems v. United States*,

    217 U.S. 349, 30 S.Ct. 544 (1910) …………………….…………………4

**Statutes**

18 U.S.C. § 924 ………………………………………………………………1

18 U.S.C. § 3231 …...…………………………………………………………1

18 U.S.C. § 3553 ………………………………………………………...4

18 U.S.C. § 3742 …………………………………………………………...1

21 U.S.C. § 841 ………………………………………………………………1

21 U.S.C. § 846 ………………………………………………………………1

28 U.S.C. § 1291 …………………………………………………………...1

**Jurisdictional Statement**

Pursuant to 18 U.S.C. § 3231, the Federal District of South Carolina had jurisdiction over this federal criminal action brought under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 924(c)(1)(A). Appellant entered into a guilty plea on July 9, 2013. On December 17, 2013, the district court entered a final order concerning sentencing. On January 2, 2014, Appellant filed a notice of. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**Statement of Issue**

I.   Did the District Court violate the Appellant's Eighth Amendment right to be protected from cruel and unusual punishment by sentencing him to a combined aggregate twenty-five year sentence for Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams of Cocaine, and Using and Carrying a Firearm During and In Relation to and Possession of a Firearm in Furtherance of a Drug Trafficking Crime?

**Statement of the Case**

On January 16, 2013, Appellant was indicted for violations of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 924(c)(1)(A). On July 9, 2013, Appellant pled guilty to Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams

of Cocaine, and Using and Carrying a Firearm During and In Relation to and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Appellant was sentenced to the mandatory minimum twenty-five year sentence on December 12, 2013.

According to the presentencing report prepared on September 26, 2013, Appellant's guideline sentencing range was 322 months to 387 months. PSR 22.

A sentencing hearing was convened on December 12, 2013 before the Honorable R. Bryan Harwell. Appellant was represented by Keith Adams and Natalie Armstrong. The Government was represented by Assistant United States Attorney A. Bradley Parham.

Appellant objected to the PSR on policy grounds. Sen. Tr. 4, ll. 2-21. Appellant also objected to the Appellant being classified as a career offender. Sen. Tr. 5, ll. 8-14. Based on the arguments of Appellant and plea negotiations, the Government consented to a mandatory minimum sentence. Sen. Tr. 7, l. 16 – Tr. 8, l. 18. . The District Court overruled Appellant's objections. Sen. Tr. 8, l. 20 – Tr. 9, l. 5.

Appellant was sentenced to 240 months imprisonment for Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams of Cocaine, and 60 months for Using and Carrying a Firearm During and In Relation

to and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Sen. Tr. 12, ll. 14-25. This appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967), follows.

**Statement of Facts**

On December 12, 2012, the Horry County Police Department (HCPD) received telephone tips concerning a black Nissan Altima that was transporting large amounts of cocaine. PSR 9. HCPD located an Altima matching the description provided in the tips. Appellant, his brother, and another codefendant were inside the Altima.

HCPD initiated a traffic stop on the Altima. After a pursuit, Appellant and his codefendants were apprehended. Appellant was in possession of 1.037 kilograms of cocaine, 255.9 grams of crack cocaine, and possession of three handgun.

**Summary of Argument**

Given the nature of the crime charged, a twenty-five year sentence is disproportionate and violates of the Eight Amendment.

**Standard of Review**

Generally, sentencing decisions are reviewed under a deferential abuse-of-discretion standard of review. *See United States v. Diosdado-Star*, 630 F.3d 359, 366

(4th Cir. 2011). However, the first step in that review is to "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 594 (2007). In applying the deferential abuse-of-discretion standard of review, the court should review a district court's legal conclusions *de novo*. *See United States v. Harvey*, 532 F. 3d 326, 336 (4th Cir. 2008).

**Argument**

I.    **The District Court violated the Appellant's Eighth Amendment right to be protected from cruel and unusual punishment by sentencing him to a combined aggregate twenty-five year sentence for Conspiracy to Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams of Cocaine, and Using and Carrying a Firearm During and In Relation to and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.**

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." A punishment is unconstitutional when it is not proportional to the crime that was committed. *See Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544 (1910) (A "punishment for [a] crime should be graduated and proportioned to [the] offense."). "To determine whether a punishment is cruel and unusual, courts must look beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'" *Graham v. Florida*, 560 U.S. 48, 58, 130 S.Ct. 2011, 2021 (2010).

4

When examining the proportionality of a sentence a court should look at the following criteria:  (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001 (1983).

Appellant's twenty-five years sentence is extremely harsh compared to the crime he committed. Unlike many criminal defendants in the federal system, Appellant's the federal indictment consisted of conduct that took place in one day. Appellant did not plea to an ongoing drug conspiracy. To the contrary, the sum total of all actions contained within the indictment occurred on December 17, 2012. Because of this relatively brief time period for the relevant conduct, a twenty-five year sentence is unnecessarily harsh.

Appellant's short conduct also distinguishes his sentence from similarly situated defendants in the District of South Carolina and other jurisdictions. Appellant was in possession of 1.037 kilograms of cocaine, 255.9 grams of crack cocaine, and three handgun. Although twenty-five years is the mandatory minimum sentence for the offenses that Appellant pled to, criminal defendant's trafficking more cocaine frequently get less time pursuant to 18 U.S.C. §§ 3553(e) or (f). Therefore, the twenty-five year mandatory minimum sentence is exclusively applied to drug traffickers in the District of South Carolina or in other jurisdictions.

5

In sum, Appellant's conduct simply did not warrant a twenty-five year sentence and Appellant's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.

**Conclusion**

Based upon the aforementioned reasons, Appellant respectfully request, pursuant to *Anders*, that this Court vacate Appellant's sentence and remanded for resentencing.

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. 14-4010        **Caption:** United States v. Anrique Zachery

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[✓] this brief contains _____1122_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[✓] this brief has been prepared in a proportionally spaced typeface using
MS Word 2013 _____ [*identify word processing program*] in
14pt. Times New Roman _____ [*identify font size and type style*]; **or**

[ ] this brief has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) s/ Tristan Shaffer _____

Attorney for Appellant _____

Dated: 8/30/2014 _____

# CERTIFICATE OF SERVICE

I certify that on  8/30/2014_____  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Anrique Zachery 24881-171
Atlanta-USP
601 McDonough Blvd.
Atlanta, GA  30315

A. Bradley Parham
OFFICE OF THE U.S. ATTORNEY
Post Office Box 1567
Florence, South Carolina 29501
(843) 665-6688

s/ Tristan Shaffer
_____
Signature

8/30/2014
_____
Date